IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO.  25-CR-1153 MIS |
| | ) | |
| vs. | ) | |
| | ) | |
| **FELIPE EDUARDO MURILLO-ORTIZ**, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE AND UNOPPOSED MOTION TO DISMISS COUNTS 2 AND 3 OF THE INFORMATION WITHOUT PREJUDICE

The United States of America files this response to the Court's Order to Show Cause.

In its show cause order, the Court ordered the United States to advise the Court of Defendant's current whereabouts and to advise whether Defendant has been removed.

Following Defendant's release from custody, he was taken into ICE custody on May 28, 2025, and removed on May 29, 2025. Defendant unlawfully returned to the United States on June 17, 2025, and is currently pending illegal reentry proceedings. On July 21, 2025, Defendant pled guilty to an Information charging illegal reentry as well as new military trespass charges. *United States v. Murillo-Ortiz*, 25-CR-2696 MIS, Doc. 10.

The Government accordingly requests that the Court dismiss Counts 2 and 3 of the Information without prejudice. Although such dismissal requires the court's leave, its power to deny such a motion is limited. *United States v. Casados*, No. 11-CR-00440-PAB, 2011 WL 6300942, at *1 (D. Colo. Dec. 16, 2011) (citing *United States v. Carrigan,* 778 F.2d 1454, 1463 (10th Cir. 1985)). "The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984).

Nothing of the sort has been suggested here. Nor would Defendant be unfairly prejudiced by dismissal without prejudice. Should Defendant return to the United States without permission and face the resumption of this prosecution, Defendant will again be afforded the right to counsel and every other right that accompanies a criminal prosecution. As a district court in one of sister districts observed in a similar situation, "[T]here is no reason why that [electing to deport a defendant while pending charges] by the government should confer immunity on Defendant for the alleged offense. The prospect of refiling obviously gives Defendant a disincentive to unlawfully reenter the country, but that is not manifestly contrary to the public interest." *United States v. Rojas*, No. 18-10048-01-JWB, 2018 WL 6696570, at *3 (D. Kan. Dec. 19, 2018).

In short, the public interest favors dismissal without prejudice, and there is no sort of government misconduct of any sort that could justify the extraordinary action of a district court exercising its supervisory powers to dismiss a charge with prejudice over the government's objection.

WHEREFORE, the United States respectfully requests that this Court enter an order dismissing without prejudice Counts 2 and 3 of the Information as to Defendant in the interests of justice.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/   Filed Electronically on 7/28/2025*
ELIZABETH TONKIN
Special Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I electronically filed the foregoing document using the Court's CM/ECF filing system which will send electronic notification to opposing counsel of record.

    */s/  Filed Electronically on 7/28/2025*
ELIZABEHT TONKIN
Speical Assistant U.S. Attorney